UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| BIOURJA RENEWABLES, LLC, § § § Plaintiff, § v. § § GOJO INDUSTRIES, INC., § § Defendant. § | Civil Action No. _____ |

## BIOURJA RENEWABLES, LLC ORIGINAL COMPLAINT

Plaintiff BioUrja Renewables, LLC, ("**BioUrja**") files this Complaint against Defendant GOJO Industries, Inc. ("**GOJO**") and alleges as follows:

### INTRODUCTION

1. This clear-cut breach of contract action concerns the unequivocal agreement of GOJO, the maker of Purell™ sanitization products, to purchase 14,740,566 gallons of 190 Proof Ethanol (the "**Product**") from BioUrja during the contractual term and GOJO's subsequent failure to take delivery of and pay for the full contracted volume of Product.

2. GOJO's contractual obligations to BioUrja are unambiguous and beyond dispute, as is the fact of its breach. Consequently, despite multiple attempts to resolve GOJO's default through good-faith commercial proposals, BioUrja now brings this action to enforce its contractual rights and recover the full amount that GOJO owes.

### PARTIES

3. Plaintiff BioUrja is a limited liability company. Its members and its members' members are citizens of Texas, New York, Pennsylvania, California, Nevada, and Florida. None of BioUrja's members or its members' members are citizens of Ohio.

4.      Upon information and belief, Defendant GOJO is a corporation organized and existing under the laws of Ohio, with its principal place of business in Akron, Ohio. GOJO may be served with process through its registered agent, BDB Agent Co., 3800 Embassy Parkway, Suite 300, Akron, Ohio 44222.

## JURISDICTION AND VENUE

5.      The Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because BioUrja and GOJO are citizens of different states and the amount in controversy exceeds $75,000, excluding interests and costs.

6.      GOJO, as the makers of Purell™ sanitization products, has and continues to conduct substantial business in the State of Illinois and in this District. Specifically, in this District, with respect to the causes of actions included in this complaint, GOJO (1) contracted with a company that operates in Peoria, Illinois; (2) acquired 190 proof ethanol from BioUrja's Peoria plant; and (3) incurred (and failed to meet) obligations to acquire the remaining contracted volume of ethanol from BioUrja's Peoria plant. Accordingly, this Court has personal jurisdiction over GOJO. Also, the Parties consented to jurisdiction in the Central District of Illinois as part of the contract that forms the basis of this lawsuit.

7.      Venue is proper in this District pursuant to 28 U.S.C § 1391(b)(2) because it is where a substantial part of the events giving rise to BioUrja's claims occurred, as set forth below.

## FACTS

**A. GOJO Contracted to Purchase 190 Proof Ethanol from BioUrja**

8.      On June 9, 2020, GOJO entered into Sale Confirmation #I4324 with Vantage Corn Processors LLC ("**VCP**"), in which GOJO agreed to buy 14,740,566 gallons (100,000,000 pounds) of 190 proof ethanol from VCP (the "**Contract**"). **Exhibit A**, Sale Confirmation #I4324.

9. Subsequently, BioUrja purchased VCP's Peoria, Illinois ethanol plant and through the asset purchase agreement, BioUrja was assigned the Contract, as acknowledged by GOJO.

10. The Contract contemplated a scenario in which GOJO did not take and pay for the full volume of the Product during the term, in which a 1% per month price increase would take effect from the end of the Contract term until GOJO utilized all of the Product. *See* **Ex. A**. Further, the Contract contained express payment terms of 30 days and per the Seller's Remedies as enumerated in Clause 8, GOJO agreed for BioUrja to recover 1.5% per month interest on all past due amounts, as well as court costs, attorneys' fees, and other expenses incident to a default. *Id.*

11. At GOJO's request, BioUrja agreed to amend the Contract on February 2, 2021 to extend the initial term from January 1, 2021 – December 31, 2021 to March 1, 2021 – February 28, 2022. **Exhibit B**, First Amended Sale Confirmation #I4324.

12. On March 21, 2022, the Contract was amended again per the contractual terms to increase the price from $3.67 per gallon ($0.54 per pound) to $3.7067 per gallon ($0.546 per pound). **Exhibit C**, Second Amended Sale Confirmation #I4324.

**B. GOJO Failed to Take and Pay for Full Volume of 190 Proof Ethanol**

13. Between March 16, 2021 and December 17, 2021, BioUrja made fifty-five (55) shipments with a total of 1,551,480 gallons (10,525,240 pounds) of Product to GOJO pursuant to the Contract and issued invoices for the same. **Exhibit D**, Excel spreadsheet of shipments under GOJO Contract.

14. However, after the December 17, 2021 shipment, GOJO never issued another purchase order for Product under the Contract, leaving an open balance of 13,189,085 gallons (at least, 89,474,753 pounds). *See* **Ex. D**.

15. BioUrja has since demanded on multiple occasions that GOJO take delivery of and pay for the amounts that remained under the Contract. Despite BioUrja's willingness and ability to deliver the remaining volume of Product under the Contract, GOJO refused to adhere to its contractual obligations.

16. Accordingly, on October 13, 2022, BioUrja sent yet another notice of default and terminated the Contract pursuant to Clause 8. **Exhibit E**, Letter dated 10.13.2022 RE: Notice of Default and Termination of Contract. On May 24, 2023, BioUrja, through its counsel, sent GOJO a final demand for payment, but GOJO did not respond.

## COUNT ONE
### Breach of Contract

17. The facts set forth in the preceding paragraphs are incorporated herein by reference.

18. BioUrja and GOJO were parties to the Contract, which is a valid and enforceable contract.

19. BioUrja fully performed all of its contractual duties and obligations, or those duties and obligations were excused as a result of GOJO's breach.

20. All conditions precedent to BioUrja asserting these claims have been performed or have occurred.

21. The unambiguous, unequivocal language in the Contract obligated GOJO to purchase the entire 14,740,566 gallons of BioUrja's 190 proof ethanol during the contractual term.

22. GOJO breached its contractual obligations when it failed to take and pay for the full volume of Product.

23. BioUrja has suffered actual damages in an amount not less than $12,230,900 as the principal amount due plus the 1% per month price increase and 1.5% per month interest on all past due amounts pursuant to the Contract as a result of GOJO's breach and was forced to retain the

undersigned attorneys to enforce the Contract and recover the amounts GOJO justly owes BioUrja. The Contract allows for recovery of BioUrja's attorneys' fees.

## COUNT TWO
### Promissory Estoppel

24. The facts set forth in the preceding paragraphs are incorporated herein by reference.

25. In the alternative to its claim for breach of contract, BioUrja alleges an affirmative claim for promissory estoppel.

26. GOJO made an unambiguous promise to BioUrja (and/or its predecessor-in-interest under the Contract) that GOJO would acquire all 14,740,566 gallons of 190 Proof Ethanol.

27. BioUrja (and/or its predecessor-in-interest under the Contract) relied on GOJO's promise by, among other things, entering contracts with suppliers and incurring other liabilities to meet its obligations based on GOJO's promise.

28. Such reliance by BioUrja (and/or its predecessor-in-interest under the Contract) was expected and foreseeable by GOJO.

29. BioUrja (and/or its predecessor-in-interest under the Contract) relied on GOJO's promise to BioUrja's detriment.

## PRAYER

30. For these reasons, BioUrja asks for judgment against GOJO for the following:

a. An award in an amount no less than $12,230,900 as the principal amount due plus the 1% per month price increase and 1.5% per month interest on all past due amounts pursuant to the Contract;

b. Pre-judgment and post-judgment interest at the maximum rate allowed by law;

    c.      Fees, costs, and expenses of suit herein, including reasonable attorneys' fees; and

    d.      Such other and further relief that the Court deems just and proper under the circumstances.

Dated: July 27, 2023

Respectfully submitted,

By: */s/ Jeffrey G. Sorenson*
      Jeffrey G. Sorenson, ARDC No. 6201963
      Timothy D. Gronewold, ARDC No. 6296631
      Howard & Howard Attorneys PLLC
      7707 N Knoxville Ave., Suite 200
      Peoria, Illinois 61614
      Telephone: (309) 999-6315
      Facsimile: (309) 672-1568
      jsorenson@howardandhoward.com
      tgronewold@howardandhoward.com

*Counsel for Plaintiff*
*BioUrja Renewables, LLC*

Michael H. Bernick
ARDC No. 6341260
JACKSON WALKER LLP
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4270
Facsimile: (713) 752-4221
Email: mbernick@jw.com

*Lead Counsel for Plaintiff*
*BioUrja Renewables, LLC*

Victoria C. Emery
Texas Bar No. 24126228
*Admission Application Forthcoming*
JACKSON WALKER LLP
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4428
Facsimile: (713) 752-4221
Email: temery@jw.com

*Counsel for Plaintiff*
*BioUrja Renewables, LLC*

4856-5281-7010, v. 4